# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATE OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>RONALD SAATHOFF, et al.,<br><br>Defendant. | CASE NO. 06cr43-BEN<br><br>**ORDER DENYING GOVERNMENT'S MOTION TO DISQUALIFY FEDERAL DEFENDERS, INC. AS COUNSEL FOR DEFENDANT LEXIN and DENYING DEFENDANT LEXIN'S MOTION TO DISQUALIFY ASSIGNED GOVERNMENT PROSECUTORS** |

Now before the Court is the Government's Motion to Disqualify Federal Defenders, Inc. as Counsel for Defendant Cathy Lexin Due to an Actual Conflict of Interest and Defendant Cathy Lexin's Motion to Disqualify the Assigned Prosecutors Due to Government Interference With Lexin's Representation by Counsel. A hearing was held on both motions on August 3, 2007. Both motions are denied.

**I. Government's Motion to Disqualify Counsel for Lexin**

The facts supporting the Government's motion are complicated. Briefly, the Government points out that Federal Defenders, Inc, and, more specifically, Mr. Todd Burns, Esq. currently represent Defendant Lexin and previously (or perhaps concurrently) represented other clients in other cases involving a law enforcement fingerprint expert, Mr. John Torres. The Government's argument (oversimplified here) is that Torres and Lexin sat on the same city pension fund board of

directors at the same time and that in other cases Burns argued that Torres violated the state conflict-of-interest statute (California Government Code § 1090), while today Burns argues that Lexin did not violate the conflict-of-interest statute. For various reasons, the Government contends that this is an actual conflict of interest requiring disqualification of Burns and Federal Defenders, Inc. Burns and his client, Lexin, disagree.

Burns has stated to this Court that he has investigated the matter and determined that his representation of Lexin is not adverse to either Lexin or his other clients. Likewise, Lexin opposes Burns' disqualification.

The Court is vested with "substantial latitude" in deciding whether and when to disqualify counsel. *United States v. Frega*, 179 F.3d 793, 800 (9th Cir. 1999) (Rymer, J., concurring in section II), *cert. denied*, 528 U.S. 1191 (2000). It is true, as the Government points out in its brief, that "few aspects of our criminal justice system are more vital to the assurance of fairness than the right to be defended by counsel . . . not burdened by a conflict of interest." *United States v. Henke,* 222 F.3d 633, 638 (9th Cir. 2000) (per curiam). However, it is also true that defense counsel (in this case, Burns) "'is in the best position professionally and ethically to determine when a conflict of interest exists or will probably develop in the course of trial.'" *Id.* (*quoting Holloway v. Arkansas*, 435 U.S. 475, 485 (1978)).

This Court concludes that any actual conflict is marginal, at most. In view of the marginal nature of the conflict and in view of defense counsel's opinion that no actual conflict exists and that none will develop in the future, this Court concludes that neither Mr. Burns nor Federal Defenders, Inc. need be disqualified as counsel for Defendant Lexin.

**II. Lexin's Motion to Disqualify Government Counsel**

Like the Government's motion, Lexin's motion to disqualify is based upon a complicated set of facts. At bottom, Lexin argues that her prosecution was improperly motivated. She surmises that her prosecution is the improper result of personal relationships between a "whistleblowing" fellow city pension fund board member, Ms. Diann Shipione, and Shipione's spouse, Mr. Pat Shea, the present City Attorney for the City of San Diego, Mr. Michael Aguirre, Esq., and former United States Attorney for the Southern District of California, Ms. Carol Lam,

Esq.

While the facts, as set out by Lexin, might reasonably call into question the possible motivation for initiating this prosecution, the Court notes a new U.S. Attorney for the Southern District of California has recently been appointed. Ms. Hewitt is no doubt aware of this prosecution and either has or will review the merits and demerits of the Government's case. The Court expects that Ms. Hewitt will properly exercise her prosecutorial discretion and decide whether or not to continue pursuing the case. Lexin makes no showing of impropriety concerning the motivations of assistant prosecutors appearing before this Court.

Therefore, in view of the change in the leadership at the U.S. Attorney's Office, and in the exercise of the Court's substantial latitude in such matters, this Court concludes that the current prosecutors need not be disqualified as counsel for the Government.

**III.  Conclusion**

Both motions for disqualification are, hereby, Denied.

The next hearing shall take place on **Friday, November 5, 2007 at 1:30 p.m.**, at which time Defendant Lexin shall appear and be heard regarding any potential conflict of her court-appointed counsel.

IT IS SO ORDERED.

DATED: October 11, 2007

Hon. Roger T. Benitez
United States District Judge